

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-26-2006

# Gillam v. State Farm Mutl Auto

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4749

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Gillam v. State Farm Mutl Auto" (2006). *2006 Decisions.* Paper 292.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/292

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-4749

KENNETH GILLAM; JESSICA GILLAM,

Appellants

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No.: 04-CV-15J
District Judge: The Honorable Kim R. Gibson

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 24, 2006

Before: SMITH, FISHER, and COWEN, *Circuit Judges*

(Filed: October 26, 2006)

OPINION

SMITH, *Circuit Judge*

In July 1998, Kenneth Gillam obtained an automobile insurance policy from State

Farm Mutual Automobile Insurance Company (State Farm), which provided liability

coverage of $100,000 per person and $300,000 per accident. The limits for Gillam's

underinsured motorist (UIM) coverage did not match his liability limits. Instead,

pursuant to his written request, the UIM coverage was reduced to $15,000 per person and $30,000 per accident with stacking. When Gillam was injured in an automobile accident in 2002, State Farm paid its UIM limits of $30,000. Thereafter, Gillam and his wife, Jessica, sued State Farm alleging that it was liable for UIM coverage commensurate with the liability limits because his request for reduced UIM coverage was invalid.

State Farm moved for summary judgment. In a thorough and well-reasoned report submitted to the District Court, the Magistrate Judge recommended granting summary judgment for State Farm. The Magistrate Judge concluded that "Pennsylvania law does not require a request for reduced limits of UIM coverage to be knowing and voluntary, and as the Pennsylvania Supreme Court stated in *Lewis [v. Erie Insurance Exchange*, 793 A.2d 143, 153-54 (Pa. 2002),] once the notice provided by Section 1791 is provided, knowledge of the benefits provided is presumed and 'no other notice or rejection shall be required.'" A16. The Magistrate Judge also rejected the Gillams' contention that § 1791's presumption of knowledge should be set aside based on evidence of fraud, explaining that there was no evidence which would support a conclusion that Gillam was misled. Although the Gillams objected to the Magistrate Judge's report and recommendation, the District Court adopted it as the opinion of the Court. This timely appeal followed.[1]

_____

[1]The District Court exercised diversity jurisdiction pursuant to 28 U.S.C. § 1332. We have final order jurisdiction under 28 U.S.C. § 1291. "We exercise plenary review over the District Court's grant of summary judgment" and "apply the same standard that the District Court should have applied." *Shuman ex rel Shertzer v. Penn Manor School*

Here, the Gillams again argue that the request for reduced UIM coverage was neither knowing nor intelligent and that their lack of knowledge should bar State Farm from applying the terms of the policy as issued. They further contend that there is a genuine issue of fact as to fraud which would overcome the presumption of knowledge created by § 1791 and entitle them to coverage commensurate with the higher liability limits.

We have carefully considered the arguments of the parties and conclude that summary judgment was appropriately granted for State Farm for substantially the reasons set forth in the Magistrate Judge's report. *See also Hartford Ins. Co. v. O'Mara*, __A.2d __, 2006 WL 2474275 at *11 (Pa.Super. Aug. 29, 2006) (concluding that arbitrators erred by concluding that 75 Pa.C.S.A. § 1734 required that a valid request to reduce UIM benefits had to be knowing and intelligent). We will affirm the judgment of the District Court.

---

*District*, 441 F.3d 141, 146 (3d Cir. 2005) (internal citations omitted).